**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

DR. CAMERON A. STEWART, D.C., LLC,            Case No.: 3:16-bk-04487-JAF
                                                                                Chapter 7

                        Debtor.
_____/

**MOTION FOR RELIEF FROM THE AUTOMATIC**
**STAY TO SETOFF PRE-PETITION ACCOUNTS**

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
>
> **Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 300 N Hogan St #3-350, Jacksonville, FL 32202, and serve copies on Michael A. Nardella, Esquire, 250 East Colonial Drive, Suite 102, Orlando, FL 32801.**
>
> **If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

BBVA Compass Bank ("Compass"), by and through its undersigned counsel, hereby files its *Motion for Relief from the Automatic Stay to Setoff Pre-Petition Accounts* pursuant to Section 362 of Title 11 of the United States Code Sections 101, *et seq.* (the "Bankruptcy Code") and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, in support thereof, states as follows:

18564 v1

**JURISDICTION**

1.　On December 9, 2016 (the "Petition Date"), Dr. Cameron A. Stewart, D.C., LLC (the "Debtor") commenced a bankruptcy case under chapter 7 of the Bankruptcy Code by filing a voluntary petition for relief.

2.　This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 362 & 553.

**BACKGROUND**

3.　On or about December 18, 2015, the Debtor, as borrower, executed that certain Loan Agreement (the "Loan Agreement") whereby Compass made a loan to Debtor in the amount of $386,700.00 (the "Loan"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

4.　On or about December 18, 2015, the Debtor, as evidence of the Loan and in accordance with the Loan Agreement, executed and delivered to Compass that certain Note in the principal amount of $386,700.00 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit B**.

5.　Paragraph 7.3 of the Loan Agreement provides that, in the event of a default, "any and all deposits (including all account balances, whether provisional or final and whether or not collected or available) and any other indebtedness at any time held or owing by Lender and each Lender Affiliate to or for the credit or account of Borrower and Guarantor may be offset and applied toward the payment of the indebtedness of Borrower…"

6. To further secure the Loan, on or about December 18, 2015, the Debtor executed that certain Security Agreement – Commercial (the "Security Agreement") whereby Debtor pledged, *inter alia*, all of its accounts as collateral for the Loan. A true and correct copy of the Security Agreement is attached hereto as **Exhibit C**.

7. One of the accounts held by Debtor at Compass and pledged to Compass is its Clearchoice for Business Account, Account No. ------8372 (the "Account").

8. Pursuant to § 679.3141, § 679.3121, § 679.327, and § 679.328, *Florida Statutes*, Compass perfected its security interest in the Account and any and all other accounts at Compass by both exercising control over the Account and all other accounts on deposit at Compass, and by filing UCC-3 Financing Statement #201506062421 with the Florida Secured Transaction Registry, a true and correct copy of which is attached hereto as **Exhibit D**.

9. Additionally, according to the Debtors' Schedule B, the Account is listed and specifically described as BBVA Compass Bank Account – Business Checking. *See* Schedule B, 2 (Dkt. No. 1).

10. The Account currently has a balance of $3,224.33.

11. Debtor is and has been in default on the Loan as of November 1, 2016.

12. As of the Petition Date, Debtor owes to Compass **$406,111.17**, consisting of $383,317.48 of principal, $3,886.41 of interest, and $18,907.28 in fees. Compass is therefore entitled under the Note, Loan Agreement, and Security Agreement to exercise its rights against the Account.

**RELIEF REQUESTED**

13. Pursuant to 11 U.S.C. § 362(d)(1), Compass is entitled to relief from stay for cause, and Compass is not adequately protected.

14. Pursuant to 11 U.S.C. § 362(d)(2), Compass is entitled to relief from stay as the Debtor does not have any equity in the Account, and the Account is not necessary for an effective reorganization.

15. Pursuant to 11 U.S.C. § 553 and the common law of Florida, Compass is also entitled to set off against the Account any obligations owed by the Debtor to Compass under the Note.

16. Compass reserves its rights to take action against other collateral for the Loan.

17. Compass requests that any Order entered granting this Motion for Relief from the Automatic Stay be effective immediately upon entry of said Order, and that the 14-day stay pursuant to Bankruptcy Rule 4001(a)(3) be waived.

**WHEREFORE**, Compass hereby requests the Court enter an order (i) terminating, annulling, modifying, or conditioning the automatic stay so as to permit Compass to exercise all of its statutory and contractual rights and remedies in and to the Account for purposes of applying any funds generated thereby to the outstanding balance due and owing to Compass; and (ii) granting such other, further and different relief as the Court deems just and proper.

Dated: December 20, 2016

*/s/ Michael A. Nardella*
Michael A. Nardella, Esq.
Florida Bar No: 51265
**NARDELLA & NARDELLA, PLLC**
250 E. Colonial Drive, Suite 102
Orlando, Florida 32801
Telephone: (407) 966-2680
Facsimile: (407) 966-2681
Primary Email: mnardella@nardellalaw.com
Secondary Email: afebres@nardellalaw.com

**Counsel for BBVA Compass Bank**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of the foregoing was furnished via electronic notice through CM/ECF system to all participating parties in CM/ECF, and was also served via U.S. Mail, postage prepaid to all non-ECF participants on the attached matrix.

Dated this 20th day of December, 2016.

/s/ *Michael A. Nardella*
Michael A. Nardella, Esq.

```
Label Matrix for local noticing      Dr. Cameron A. Stewart, D.C. LLC        BBVA/Compass Bank
113A-3                                9776 San Jose Blvd, Suite 3            15 20th Street S.
Case 3:16-bk-04487-JAF                Jacksonville, FL 32257-5464            Suite 100
Middle District of Florida                                                   Birmingham, AL 35233-2011
Jacksonville
Tue Dec 20 12:25:07 EST 2016

Bankers Leasing Company               Cameron A Stewart                      Comcast
PO Box 7740                           1349 Wolfe Street                      PO Box 530098
Urbandale, IA 50323-7740              Jacksonville, FL 32205-8302            Atlanta, GA 30353-0098


Datasphere                            Duval County Tax Collector             Florida Dept. of Revenue
3350 1st Ave SE                       231 Forsyth St.  #130                  Bankruptcy Unit
Bellevue, WA 98008                    Jacksonville FL 32202-3380             P.O. Box 6668
                                                                             Tallahassee, FL 32314-6668


HAS Art Solutions                     Internal Revenue Service               JEA
3139 Phillips Highway                 Post Office Box 7346                   PO Box 45047
Suite 100                             Philadelphia PA 19101-7346             Jacksonville, FL 32232-5047
Jacksonville, FL 32207-4307


Mandarin Newsline                     Mandarin Professional Comple           Northwestern Mutual
12443 San Jose Blvd                   2180 W SR 434                          622 Emerson Road
Ste 403                               Ste 5000                               Suite 400
Jacksonville, FL 32223-8650           Longwood, FL 32779-5042                Saint Louis, MO 63141-6727


Rachel Block-Stewart                  United States Trustee - JAX 13/7       David P Grigaltchik
1349 Wolfe Street                     Office of the United States Trustee    David P. Grigaltchik, P.A.
Jacksonville, FL 32205-8302           George C Young Federal Building        6144 Gazebo Park Place South
                                      400 West Washington Street, Suite 1100 Suite 103
                                      Orlando, FL 32801-2210                 Jacksonville, FL 32257-1086


Gordon P. Jones                       Naji Hassan
P O Box 600459                        7 Star Realty
Jacksonville, FL 32260-0459           9951 Atlantic Blvd
                                      Suite 130
                                      Jacksonville, Fl 32225-6542



              The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Cameron A. Stewart                 End of Label Matrix
1349 Wolfe Street                     Mailable recipients    19
Jacksonville, FL 32205-8302           Bypassed recipients     1
                                      Total                  20
```